UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sheldon James Armstrong, III, | Case No. 20-CV-0178 (WMW/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeff Titus, Warden, | |
| Respondent. | |

The petition for a writ of habeas corpus of petitioner Sheldon James Armstrong, III, is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After review, this Court concludes that Armstrong's petition is untimely and should be dismissed on that basis.

Under 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Armstrong raises three grounds for relief in this habeas petition. The first two grounds for relief—that the trial court should have declared a mistrial when a law-enforcement witness testified that Armstrong had declined to speak, and that the trial court improperly admitted opinion testimony—were known to Armstrong at the time of the trial, are not based on rights newly recognized by the Supreme Court, and have never been impeded by state action from being raised on federal habeas review. Accordingly, § 2244(d)(1)(A) provides the date on which the limitations date began for those grounds: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Minnesota Supreme Court declined review of Mr. Armstrong's direct appeal on June 29, 2016. *See Minnesota v. Armstrong*, No. A15-0924, 2016 WL 1551619 (Minn. Ct. App. Apr. 18, 2016). Direct review concluded ninety days later — that is, September 27, 2016 — when the deadline passed for Armstrong to file a petition for a writ of certiorari with the Supreme Court of the United States, *see Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001), and the limitations

window for the first two grounds for relief in Armstrong's habeas petition began to run on that date.

Armstrong argues that § 2244(d)(1)(D)—"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"—applies to Ground Three of the petition. In that ground, Armstrong alleges that, in September 2016 and April 2017, he received messages from the victim that imply his innocence of the offenses for which he was convicted. (*See* Dkt. 1 at 12-13; Dkt. 1-1.) Armstrong also made this argument in a second post-conviction petition filed in state court. *See Armstrong v. State*, No. 18-1867, 2019 WL 4008041 (Minn. Ct. App. Aug. 26, 2019). According to Armstrong, he could not have raised the claims based on those messages until he had received those messages, and therefore the limitations period for claims based on those messages did not begin until the date of receipt. The September 2016 and April 2017 messages are substantively similar; accordingly, the Court is skeptical that the April 2017 message can be said to be a new factual predicate sufficient to trigger a new one-year limitations period. Nevertheless, giving Armstrong every possible benefit of the doubt, § 2244(d)(1)(D) may provide that the limitations period for Ground Three of the petition began to run as late as April 2017.

But Armstrong did not file his habeas petition until January 8, 2020 (*see* Dkt. 1 at 19)—obviously after far more than one year had passed from either September 2016 or April 2017. For *some* of that period, however, Armstrong had pending in the state courts petitions for post-conviction relief. Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect

3

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In other words, as long as Armstrong's state-court petitions remained pending, the federal limitations clock remained paused. *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005). The question, then, is how long the clock was paused in Armstrong's case.

Not long enough to benefit Armstrong in this proceeding. He filed his first state-court petition for post-conviction relief in January 2017. *See State v. Armstrong*, No. 11-CR-14-1392 (Minn. Dist. Ct.). That petition was denied by the trial court on June 7, 2017. (*See* Dkts. 6 & 7.) Armstrong did not seek appeal from the denial of his first petition for post-conviction relief. Accordingly, that petition ceased to be pending when the time for seeking appeal expired. Under Minnesota Rule of Appellate Procedure 104.01, subd. 1, "an appeal may be taken from a judgment within 60 days after its entry, and from an appealable order within 60 days after service by any party of written notice of its filing." There is no reason to believe that Armstrong was not adequately served with notice of the denial order; accordingly, the federal limitations clock began to run on or about August 7, 2017.

Armstrong filed a second petition for post-conviction relief on September 24, 2018. *See State v. Armstrong*, No. 11-CR-14-1392 (Minn. Dist. Ct.). By that time, the one-year limitations window had already closed for all of Armstrong's claims; more than one year had passed between the conclusion of the first post-conviction proceedings (August 7, 2017) and the commencement of the second post-conviction proceedings (September 24, 2018). The Minnesota Court of Appeals affirmed the denial of the

4

second post-conviction petition on August 26, 2019. *See Armstrong*, 2019 WL 4008041, at *1. Armstrong did not seek review from the Minnesota Supreme Court, and his time for doing so expired on September 25, 2019.[1] *See* Minn. R. App. P. 117, subd. 1. Thus, yet another three months passed before Armstrong filed his federal habeas petition during which no petition for post-conviction relief was pending in the state courts. The delay was ultimately irrelevant—the limitations period was already over—but further demonstrates Armstrong's untimeliness.[2]

Armstrong's habeas petition is plainly untimely. Accordingly, it is recommended that Armstrong's habeas petition be denied and this matter dismissed. Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is

---

[1] Armstrong's failure to seek review of the denial of either of his petitions for post-conviction relief from the Minnesota Supreme Court means that any claims raised in those petitions have not been fairly presented to the state courts and may be dismissed on the basis of Armstrong's failure to exhaust. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In any event, Armstrong's claims are untimely, and that is a sufficient basis upon which to deny the petition.

[2] Armstrong's tardiness also defeats any argument he might offer that the limitations period should be equitably tolled in his case; there is no reason that the claims raised in this petition could not have been presented long ago.

highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Armstrong's current habeas corpus petition differently than it is being treated here. Armstrong has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Armstrong should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Sheldon James Armstrong, III (Dkt. 1) be **DENIED**.

2. This matter be **DISMISSED**.

3. No certificate of appealability be issued.

Dated: March 23, 2020              *s/Elizabeth Cowan Wright*
                                   ELIZABETH COWAN WRIGHT
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).